UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THUAN HUY HA,<br><br>                         Petitioner,<br><br>     v.<br><br>MICHAEL L. BENOV,<br><br>                         Respondent. | ) 1:12-cv—02004-LJO-SKO-HC<br>)<br>) FINDINGS AND RECOMMENDATIONS TO<br>) DISMISS THE PETITION FOR WRIT OF<br>) HABEAS CORPUS FOR LACK OF SUBJECT<br>) MATTER JURISDICTION (DOC. 1)<br>)<br>) FINDINGS AND RECOMMENDATIONS TO<br>) DECLINE TO ISSUE A CERTIFICATE OF<br>) APPEALABILITY AND TO DIRECT THE<br>) CLERK TO CLOSE THE ACTION<br>) |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis in a habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304.  Pending before the Court is the petition, which was filed on December 10, 2012.

I.  Screening the Petition

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule 1(b).  Habeas Rule 4 requires the Court to make a preliminary

1  review of each petition for writ of habeas corpus.  The Court

2  must summarily dismiss a petition "[i]f it plainly appears from

3  the petition and any attached exhibits that the petitioner is not

4  entitled to relief in the district court...."  Habeas Rule 4;

5  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also

6  Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule

7  2(c) requires that a petition 1) specify all grounds of relief

8  available to the Petitioner; 2) state the facts supporting each

9  ground; and 3) state the relief requested.  Notice pleading is

10 not sufficient; the petition must state facts that point to a

11 real possibility of constitutional error.  Rule 4, Advisory

12 Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at

13 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)).

14 Allegations in a petition that are vague, conclusory, or palpably

15 incredible are subject to summary dismissal.  Hendricks v.

16 Vasquez, 908 F.2d at 491.

17      The Court may dismiss a petition for writ of habeas corpus

18 either on its own motion under Habeas Rule 4, pursuant to the

19 respondent's motion to dismiss, or after an answer to the

20 petition has been filed.  Advisory Committee Notes to Habeas Rule

21 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43

22 (9th Cir. 2001).  However, a petition for habeas corpus should

23 not be dismissed without leave to amend unless it appears that no

24 tenable claim for relief can be pleaded were such leave granted.

25 Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

26      Here, Petitioner alleges that he is an inmate of the Taft

27 Correctional Institution at Taft, California, serving a sentence

28 of 168 months imposed in the United States District Court for the

1 Central District of California on October 20, 2006, for multiple

2 counts of mail fraud and money laundering in connection with a

3 pharmaceutical business. Petitioner challenges his conviction

4 and sentence, contending he is actually innocent of the crime of

5 which he was convicted, and that his counsel was ineffective.

6     II.   Jurisdiction to Proceed pursuant to 28 U.S.C. § 2241

7         A.   Legal Standards

8     A federal prisoner who wishes to challenge his conviction or

9 sentence on the grounds it was imposed in violation of the

10 Constitution or laws of the United States or was otherwise

11 subject to collateral attack must do so by way of a motion to

12 vacate, set aside, or correct the sentence under 28 U.S.C.

13 § 2255. 28 U.S.C. § 2255; Stephens v. Herrera, 464 F.3d 895, 897

14 (9th Cir. 2006); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.

15 1988). The motion must be filed in the district where the

16 defendant was sentenced because only the sentencing court has

17 jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir.

18 2000); Tripati, 843 F.2d at 1163.

19     Generally, a prisoner may not collaterally attack a federal

20 conviction or sentence by way of a petition for a writ of habeas

21 corpus pursuant to 28 U.S.C. § 2241. Stephens v. Herrera, 464

22 F.3d at 897; Tripati, 843 F.2d at 1162. In contrast, a federal

23 prisoner challenging the manner, location, or conditions of that

24 sentence's execution must bring a petition for writ of habeas

25 corpus under 28 U.S.C. § 2241. Brown v. United States, 610 F.2d

26 672, 677 (9th Cir. 1990).

27     A federal prisoner authorized to seek relief under § 2255

28 may seek relief under § 2241 only if he can show that the remedy

3

available under § 2255 is "inadequate or ineffective to test the legality of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting § 2255). Although there is little guidance on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that the exception is narrow. Id; Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (dismissal of a successive motion pursuant to § 2255 did not render such motion procedure an ineffective or inadequate remedy so as to authorize a federal prisoner to seek habeas relief); Aronson v. May, 85 S.Ct. 3, 5 (1964) (denial of a prior § 2255 motion is insufficient to render § 2255 inadequate); Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); see, United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by filing a petition for writ of audita querela pursuant to the All Writs Act, 28 U.S.C. § 1651).

The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). If a petitioner proceeding pursuant to § 2241 fails to meet his burden to demonstrate that the § 2255 remedy is inadequate or ineffective, the § 2241 petition will be dismissed for lack of jurisdiction. Ivy v. Pontesso, 328 F.3d 1057, 1061 (9th Cir. 2003).

B. Analysis

In this case, Petitioner challenges his underlying conviction and sentence. Because Petitioner is alleging errors relating to his conviction, and not errors in the administration

4

of his sentence, the Court concludes that Petitioner is not
entitled to relief under § 2241.

Petitioner argues that he should be permitted to proceed
pursuant to § 2241 because his remedy pursuant to § 2255 is
inadequate and ineffective.  Petitioner appears to argue, in
part, that § 2255 is inadequate and ineffective because
Petitioner has already filed a previous motion pursuant to § 2255
and has suffered a denial of his motion.

Petitioner submits with his petition a copy of an order of
the United States District Court for the Central District of
California, Southern Division, dated January 12, 2011, in which
the court denied Petitioner's previous motion to vacate his
conviction pursuant to § 2255 and a related motion regarding
evidence.  (Doc. 1, 63-72.)  In the § 2255 motion, Petitioner
argued that, at trial, the government failed to introduce
evidence the actual billing records that reflected false billing
claims submitted to pharmacy benefit management (PBM) companies
by Petitioner or his business entities.  He contends that the
government instead introduced summaries of the records made by a
special agent of the Federal Bureau of Investigation (FBI), who
had testified concerning the method of preparing the summaries,
which she had checked against information given to her by the
involved companies.  The agent omitted some data from her
summaries, such as identification of the particular prescriptions
and patients.  Petitioner contends that, as a result of these
actions, the government withheld and tampered with the actual
evidence of billing records, and that the summaries introduced in
evidence were false.  (Id. at 64-65.)

5

1     Following his conviction, Petitioner sought in June 2010,
2  under a Freedom of Information/Privacy Act of 1974 (FOIA)
3  request, actual evidence of billing records from the victimized
4  PBM entities; he received forty pages of billing records.  (Id.
5  at 65.)  Petitioner argued in the § 2255 motion that the billing
6  documentation he received did not show payments made to
7  Petitioner's pharmacy due to the lack of data; did not show a
8  total amount paid of over $14 million, as the government
9  proffered at trial; and did not relate to the pharmacy number of
10 Petitioner's pharmacy, which was named "Ha Pharmacy."  Based on
11 the foregoing, Petitioner argued that the government did not have
12 actual evidence of billing records that could be used against
13 Petitioner's pharmacy.  (Id. at 64-66.)

14     The Central District concluded that because Petitioner had
15 failed to raise his claims on direct appeal, Petitioner was
16 procedurally barred from raising them in the § 2255 motion unless
17 he could show either cause and actual prejudice, or actual
18 innocence of the offenses.  The court found that Petitioner had
19 raised the argument of withheld and/or altered evidence in a
20 motion for bail pending appeal; thus, in his § 2255 motion,
21 Petitioner failed to demonstrate cause consisting of a new legal
22 or factual basis that had been unavailable to him at the time of
23 direct appeal.  (Id. at 68-69.)  Further, Petitioner's receipt of
24 documents regarding payments made to a PBM called "Advance PCS"
25 did not reveal new facts because the documents were merely a copy
26 of portions of the evidence the government used to convict
27 Petitioner at trial.  Thus, Petitioner did not present any basis
28 for concluding that new law or new facts had come to light.  (Id.

6

1  at 69-70.)

2      Further, after reviewing the documentation received in

3  response to the FOIA request, the court concluded that the trial

4  evidence had not been tampered with, but rather the alleged new

5  evidence was substantively the same as the raw data that had

6  initially been received by the government agent and reformatted

7  for trial.  (Id. at 70.)  Thus, there was no official

8  interference that could constitute cause for Petitioner's failure

9  to raise the claims at trial.  (Id.)

10      The Court further concluded that even if Petitioner could

11  demonstrate cause, he failed to show any resulting prejudice

12  because any alleged trial error did not work to Petitioner's

13  actual and substantial disadvantage or infect his entire trial

14  with constitutional error.  (Id. at 71.)  The court determined

15  that 1) introduction of reformatted and summarized PBM records at

16  trial instead of the original, underlying records, was not error

17  and did not place Petitioner at a substantial disadvantage

18  because the data in the underlying records was kept intact at

19  trial, and 2) Petitioner's claim of an absence of evidence of

20  payment to the pharmacies and/or victims was "belied by the

21  evidence introduced at trial."  (Id. at 71:18-20.)

22      The Court addressed Petitioner's claim of actual innocence,

23  finding that it was unsupported by any facts or law.  (Id.)[1]

24  ///

25

26

27  [1]Although the court alternatively concluded that Petitioner had raised
the actual innocence claim for the first time in his reply to the government's
28  opposition to his § 2255 motion, the court expressly concluded that the actual
innocence claim failed before concluding that in any event, the argument was
waived because it was raised for the first time on reply.  (Id. at 70:18-21.)

1    The court determined that Petitioner could not show cause

2 and actual prejudice, and thus his claim regarding the

3 government's withholding of and/or tampering with the PBM records

4 was procedurally barred.  Therefore, the § 2255 motion was

5 denied.  (Id. at 71.)

6    The Court, however, further concluded that even if it

7 considered Petitioner's motion on the merits, Petitioner's

8 argument that the government withheld and/or altered data

9 contained in the underlying PBM billing records failed because

10 the records introduced at trial were substantively the same as

11 the underlying data.  Thus, Petitioner's conviction was based on

12 reliable data, and the § 2255 motion would be denied.  (Id. at

13 71-72.)

14    The AEDPA limits the circumstances under which a petitioner

15 may file a second or successive motion pursuant to § 2255:

16    A second or successive motion must be certified as
     provided in section 2244 by a panel of the appropriate
17   court of appeals to contain—
          1) newly discovered evidence that, if proven
18   and viewed in light of the evidence as a whole, would
     be sufficient to establish by clear and convincing
19   evidence that no reasonable factfinder would have
     found the movant guilty of the offense; or
20        2) a new rule of constitutional law, made
     retroactive to cases on collateral review by the
21   Supreme Court, that was previously unavailable.

22 28 U.S.C. § 2255(h).

23    Here, Petitioner claims that the government failed to

24 produce evidence that Petitioner actually possessed the amount of

25 money the government agent testified had been paid to

26 Petitioner's pharmacy.  However, Petitioner has not alleged the

27 existence of any evidence that was not considered by the trial

28 court, which considered both the allegedly new evidence as well

8

as the evidence introduced at trial in the § 2255 proceeding.
Petitioner has not shown that any newly discovered evidence is in
issue or otherwise material in this proceeding.  It, therefore,
appears that Petitioner would not meet the requirements for
filing a successive motion pursuant to § 2255.

However, the mere failure to meet the statutory requirements
for a successive § 2255 motion does not render the remedy under
§ 2255 inadequate or ineffective pursuant to 28 U.S.C. § 2255(e)
and (h).  See, Moore v. Reno, 185 F.3d at 1055.  Petitioner
argues that he is actually innocent of the offense because the
evidence at trial included summaries of billing records prepared
by the government's agent instead of the raw billing records
themselves, and because there was no evidence of his actual
receipt of funds paid to his pharmacy.

Although there is limited authority in this circuit, the
§ 2255 remedy has been deemed inadequate and ineffective, and a
petition pursuant to § 2241 is available, when the petitioner 1)
claims to be factually innocent of the crime for which he has
been convicted, and 2) has never an "unobstructed procedural
shot" at presenting the claim.  Stephens v. Herrera, 464 F.3d at
898.  A claim of actual innocence for purposes of the "escape
hatch" of § 2255 is assessed by the test stated in Bousley v.
United States, 523 U.S. 614, 623 (1998), which requires the
petitioner to demonstrate that in light of all the evidence, it
is more likely than not that no reasonable juror would have
convicted him.  Stephens, 464 F.3d at 898.

Here, Petitioner does not summarize the record or otherwise
present facts, as distinct from his conclusions concerning the

9

1  record, to demonstrate that in light of all the evidence, it is
2  more likely than not that no reasonable juror would have
3  convicted him.  Further, the Central District, which considered
4  the totality of the evidence, rejected Petitioner's
5  characterization of the record and concluded that the evidence
6  was contrary to Petitioner's assertions.  The Court, therefore,
7  concludes that Petitioner has not met his burden of establishing
8  actual innocence.

9      Similarly, Petitioner has not demonstrated he was obstructed
10  in his effort to set forth his claim.  In determining whether a
11  petitioner had an unobstructed procedural shot to pursue his
12  claim, it must be determined whether the petitioner's claim
13  became available only after a federal court decision.  Stephens,
14  464 F.3d at 898.  A court will determine 1) whether the legal
15  basis for petitioner's claim "did not arise until after he had
16  exhausted his direct appeal and first § 2255 motion," and 2)
17  whether the law changed in any way relevant to petitioner's claim
18  after that first § 2255 motion.  Harrison v. Ollison, 519 F.3d
19  952, 960 (9th Cir. 2008); Ivy v. Pontesso, 328 F.3d at 1060-61.

20      Here, Petitioner has not shown that the legal basis for his
21  claim arose only after he exhausted his direct appeal and first
22  § 2255 motion.  The legal bases of Petitioner's claim or claims
23  may be characterized as elementary principles of proof, admission
24  of evidence, and evidentiary sufficiency.  Further, Petitioner
25  has not demonstrated that the law has changed in any way relevant
26  to his claims following his conviction.  Thus, Petitioner has
27  failed to establish he was obstructed in his effort to set forth
28  his claim or claims.

Petitioner alleges that the trial court would not allow him to appeal, and he cites to Appendix E – the decision of the trial court on Petitioner's § 2255 motion.  (Pet., doc. 1 at 4, 63-72.) The Court has reviewed the entire decision and finds no reference to any prohibition of any right to appeal.  The decision does refer to Petitioner's previous appeal of his conviction, which resulted in the Ninth Circuit's affirming the judgment.  (Id. at 64.)  If Petitioner is referring to his previous § 2255 motion, the Court notes that the trial court expressly concluded that even if it considered Petitioner's motion on the merits, his claims failed because the records introduced at trial were substantively the same as the underlying data.  (Id. at 71-72.)

In sum, the Court concludes that Petitioner has not shown he is actually innocent of his commitment offense or offenses. The Court further concludes that Petitioner has failed to demonstrate that § 2255 constitutes an inadequate or ineffective remedy for raising his claims.  Thus, Petitioner may not raise his claims in a proceeding pursuant to § 2241.  According, the petition should be dismissed for lack of jurisdiction.  Ivy v. Pontesso, 328 F.3d at 1061.

III.  Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to a court of appeals from the final order in a proceeding under section 2255.  28 U.S.C. § 2253(c)(1)(B); Hohn v. United States, 524 U.S. 236, 239-40 (1998).  An appeal from a proceeding that is nominally undertaken pursuant to 28 U.S.C. § 2241, but which is really a successive application under § 2255, requires a certificate of

11

1  appealability.  Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir.
2  2001).

3      It appears from the face of Petitioner's § 2241 petition
4  that Petitioner is raising previously unsuccessful claims
5  attacking only the legality of his conviction and sentence, and
6  not the execution of his sentence.

7      Unless a circuit justice or judge issues a certificate of
8  appealability, an appeal may not be taken to the Court of Appeals
9  from the final order in a habeas proceeding in which the
10 detention arises out of process issued by a state court.  28
11 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336
12 (2003).  A certificate of appealability may issue only if the
13 applicant makes a substantial showing of the denial of a
14 constitutional right.  § 2253(c)(2).  Under this standard, a
15 petitioner must show that reasonable jurists could debate whether
16 the petition should have been resolved in a different manner or
17 that the issues presented were adequate to deserve encouragement
18 to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336
19 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A
20 certificate should issue if the Petitioner shows that jurists of
21 reason would find it debatable whether the petition states a
22 valid claim of the denial of a constitutional right or that
23 jurists of reason would find it debatable whether the district
24 court was correct in any procedural ruling.  Slack v. McDaniel,
25 529 U.S. 473, 483-84 (2000).

26     In determining this issue, a court conducts an overview of
27 the claims in the habeas petition, generally assesses their
28 merits, and determines whether the resolution was debatable among

jurists of reason or wrong.  Id.  An applicant must to show more than an absence of frivolity or the existence of mere good faith; it is not necessary, however, for an applicant to show that the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases. Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

IV.   Recommendation

Accordingly, it is RECOMMENDED that:

1)   The petition for writ of habeas corpus be DISMISSED for lack of subject matter jurisdiction; and

2)   The Court DECLINE to issue a certificate of appealability; and

3)   The Clerk be DIRECTED to close the action.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings

and Recommendations."  Replies to the objections shall be served
and filed within fourteen (14) days (plus three (3) days if
served by mail) after service of the objections.  The Court will
then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
636 (b)(1)(C).  The parties are advised that failure to file
objections within the specified time may waive the right to
appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    January 29, 2013**                              /s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE

14